(A.R.D. 164)

JOSEPH TANOUS *v.* UNITED STATES

Entry No. 74.

First Division, Appellate Term

(Decided January 21, 1964)

*Stein & Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for the appellant.

*John W. Douglas,* Assistant Attorney General (*Morris Braverman* and *Bernard J. Babb,* trial attorneys), for the appellee.

Before OLIVER and WILSON, Judges

WILSON, Judge: This is an application for review of a decision and judgment of a single judge in a reappraisement proceeding involving the value of certain bubble gum having the brand name "Chiclines" (50 Cust. Ct. 379, Reap. Dec. 10439), which was purchased from Chiclera Industrial Mexicana, S.A., of Mexico City.

The merchandise was entered at 6.50 Mexican pesos per 100 tablets, plus stamp tax. It was stipulated by counsel that the merchandise had been appraised at 8 pesos per 100 pieces, plus 1.65 per centum Mexican stamp tax, on the basis of export value of similar merchandise, to wit, Ace brand bubble chewing gum, manufactured by a company, Chicles Hercip, in Monterrey, Nuevo Leon, Mexico.

The decision of the trial judge was rendered on a rehearing, wherein the court held that export value was the proper basis of appraisement and that such value was represented by the appraised value. In the initial decision, the trial judge held to the same effect (*Joseph Tanous* v. *United States,* 45 Cust. Ct. 522, Reap. Dec. 9817).

The trial court found that there existed a foreign value for such merchandise and that such value was 6.50 pesos per 100 tablets plus

tax, which was equal to the entered value of the merchandise. The appellant herein contends that such foreign value was the correct value for the importation at bar.

Two hearings were had by the trial court. In the first case (Reap. Dec. 9817), the court found that the plaintiff's evidence was insufficient to overcome the presumption of correctness attaching to the appraiser's finding that the export value of similar merchandise, i.e., the Ace gum, was correct. A rehearing was granted and, at the second trial, an affidavit made by one Cipriano Garza Elizondo, manufacturer of bubble chewing gum under the firm name of Chicles Hercip, was received in evidence (plaintiff's collective exhibit 4). This additional proof, in our opinion, established that there was no export value for the "Ace" gum, since it was not generally sold or offered for sale for exportation to the United States, but was sold and offered for sale to one customer only. It was not, therefore, freely offered for sale in the usual wholesale quantities to all persons desiring to buy for exportation to the United States. When competent evidence to that effect was introduced by the plaintiff at the trial, the Government could no longer rely upon the presumption of correctness of its appraisement. If it relied upon such appraisal after the introduction of the evidence referred to by the plaintiff, the defendant should have gone forward with proof. The presumption of correctness attaching to the Government's appraisal stood only so long as there was no competent evidence introduced to refute or overcome the presumption. Once such evidence was introduced, the Government lost the protection of the presumption and faced the necessity of offering evidence in support of its appraisal, if it continued to rely upon it.

The trial court, in the second case (Reap. Dec. 10439), made the following statement:

> While it would appear from this affidavit that the "Ace" brand of bubble chewing gum could not properly be used as a basis of appraisement, since it was not freely offered to all purchasers for exportation to the United States, even if the appraiser's action is erroneous, it is incumbent upon plaintiff to establish that there was an export value for *such* merchandise and what that export value was. * * * [Italics by the court.]

Citing *Kobe Import Co.* v. *United States*, 42 CCPA 194, C.A.D. 593, the court, in the *Tanous* case, *supra* (Reap. Dec. 10439), further stated that:

> The ultimate fact to be established here is that, at the time of exportation of the within merchandise, such merchandise was freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at 6.50 pesos per 100 tablets, plus tax. * * *

The *Kobe* case, *supra*, does not sustain, in our opinion, the position taken by the single judge. That case really is not applicable to the situation now before us. In the *Kobe* case, both parties relied upon export value as the correct basis of appraisement. They contended, however, for different export values. No question concerning foreign value was involved. In the case at bar, the plaintiff established and the trial court held that a foreign value for such merchandise in the same amount as the entered value existed. The trial court (Reap. Dec. 10439) also found that the evidence was not sufficient to establish that *such* merchandise was freely offered for sale for export nor to overcome the presumption of correctness attaching to the appraiser's finding of an export value for *similar* merchandise higher than the foreign value of such merchandise. However, the plaintiff, at the trial below, offered, in our opinion, competent evidence that no export value existed for "Ace" gum at the time of exportation of the merchandise in question. Furthermore, the plaintiff's evidence shows that, if an export value existed for the imported gum, it was no higher than the foreign value established.

We make reference now to the statement of the single judge (Reap. Dec. 10439) that: "The ultimate fact to be established here is that, at the time of exportation of the within merchandise, such merchandise was freely offered for sale to all purchasers in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at 6.50 pesos per 100 tablets, plus tax." This, in our opinion, is not the burden imposed upon the appellant under the law. When the presumption of correctness attaching to the official appraisal was overcome, as we find in this case, the merchandise should have been appraised on the basis of foreign value, as contended by the appellant. Whether the written contract, referred to in the opinions of the trial court, ever became effective or not, makes no difference, since plaintiff's evidence showed that, if an export value for such merchandise existed, it was not higher than the foreign value of the imported merchandise. Since, as established by the record, there was no export value for similar merchandise—relied upon by the Government as the basis of appraisal—then the export value for "such" merchandise, if such export value existed, should have been used only if it was higher than the foreign value claimed and established by the plaintiff below. The evidence in the case at bar indicates that, if an export value for "such" merchandise existed, it was the same as the foreign value shown to be equal to the entered value of the merchandise.

The Government, in the case at bar (brief, page 14), contends that "it is incumbent upon the appellant to show either that there is an export value for such merchandise which is equal to or higher than the foreign value of such merchandise, or in the absence of such proof,

to prove the nonexistence of an export value for similar merchandise," maintaining, in this connection, that the appellant has failed to prove that there were no other manufacturers of merchandise similar to the imported merchandise upon which an export value might be predicated. We are of the opinion that it was not required, as indicated by the Government, that the appellant make inquiry of all other gum manufacturers in Mexico, if any existed, to determine whether there was an export value for any similar product. That is unreasonable and really an impossible burden to cast upon the plaintiff below. If the Government contended for an export value of similar merchandise other than that based upon "Ace" gum, it should have offered proof to that effect. We are, therefore, of the opinion that the judgment of the trial court should be reversed and that appraisal should have been based upon the foreign value of such merchandise, there being no higher export value for such merchandise.

Upon the record before us, we find as facts:

1. That the imported merchandise consists of "Chiclines" brand bubble chewing gum, manufactured by Chiclera Industrial Mexicana, S.A., exported from Mexico on February 27, 1947.

2. That such merchandise was entered at 6.50 Mexican pesos per 100 tablets, plus stamp tax, and was appraised at 8 Mexican pesos per 100 tablets, net, packed, plus 1.65 per centum Mexican stamp tax.

3. That the appraisement was made on the basis of export value of similar merchandise, based on the price of "Ace" brand bubble gum, manufactured by Chicles Hercip in Monterrey, Nuevo Leon, Mexico.

4. That, at or about the date of exportation of the merchandise at bar, the "Ace" brand bubble chewing gum, manufactured by Chicles Hercip in Monterrey, Nuevo Leon, Mexico, was not freely offered for sale to all purchasers in the principal markets of Mexico, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, but that the sale thereof for export to the United States was restricted to one exclusive purchaser.

5. That merchandise, such as that in question, was freely offered for sale for home consumption in Mexico to all purchasers in the principal markets of Mexico, in the usual wholesale quantities and in the ordinary course of trade, at 6.50 Mexican pesos per 100 tablets.

6. That the evidence adduced failed to establish that similar merchandise was freely offered for sale to all purchasers in the principal markets of Mexico, in the usual wholesale quantities and in the ordinary course of trade, for exporation to the United States, at or about the time of exportation of the instant merchandise.

7. That the evidence presented established the nonexistence of an export value for either such or similar merchandise which was higher than the foreign value.

We, therefore, conclude as matters of law:

1. That there was no export value for either such or similar merchandise which was higher than the foreign value.

2. That the foreign value, as defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis for the determination of the value of the merchandise involved herein.

3. That such foreign value is 6.50 pesos per 100 tablets (or per kilo), f.o.b. Mexico City, net, packed, plus 1.65 per centum Mexican stamp tax, as entered.

Judgment will be entered accordingly.